UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
:
VICTOR OLVERA, *individually and on* :
*behalf of others similarly situated*, :
:
                         Plaintiff, : **MEMORANDUM DECISION AND**
: **ORDER**
                       - against - :
: 15 Civ. 1262 (BMC)
LOS TAQUITOS DEL TIO INC. (d/b/a :
LOS TAQUITOS DEL TIO) and VIRGINIO :
MUNOZ, :
:
                         Defendants. :
:
---------------------------------------------------------- X

**COGAN,** District Judge.

Plaintiff was a restaurant worker who alleges that the corporate defendant and its manager failed to pay him minimum and overtime wages as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and corresponding provisions of New York State Labor Law ("NYLL"), §§ 190 and 650 *et seq.* Before me is plaintiff's motion for a default judgment. With some exceptions as to the elements of his damage claim, the motion is granted.

## BACKGROUND

According to his complaint and affidavit in support of his motion for a default judgment, plaintiff worked as a delivery person and kitchen worker for the defendant restaurant from November 1, 2012 until February 24, 2015. He was off Wednesdays, but on Mondays, Tuesdays and Thursdays, he worked from 11:00 a.m. until 11:30 p.m., and on Fridays, Saturdays and Sundays, he worked from 11:00 a.m. until 12:30 a.m., for a total of 78 hours per week. He was not given meal or other breaks. When he started, he was paid a flat rate of $280 per week in cash until December, 2014, at which point his salary was increased to $350 per week, which was also

paid in cash. Plaintiff received no payment for his last week at work. Defendants did not advise him of any tip credit, nor did they post any notices of his rights under applicable wage laws, nor did they provide him with any statement of wages or any other record of payment. He was not required to keep his time and did not do so other than his recollection described above.

**DISCUSSION**

It is hornbook law that on a motion for default judgment, the well-pleaded allegations of the complaint pertaining to liability are accepted as true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). In the instant case, the complaint's allegations are sufficient to establish liability.

It is equally well settled that on a motion for a default judgment, the default does not constitute an admission as to the damages claimed in the complaint. Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009). The burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested. See Greyhound Exhibitgroup, 973 F.2d at 158; Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). To determine damages, the court may conduct an inquest, see Fed. R. Civ. P. 55(b)(2), or may rely upon the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Co., 109 F.3d 105, 111 (2d Cir.1997).

There is no need for an inquest here. Plaintiff's affidavit constitutes adequate proof of his damages. There is no point in having him appear to repeat his hours and conditions of work as set forth in his affidavit.[1] Plaintiff has accurately computed the following elements of his damages:

---

[1] I will note, however, that there are some aspects of plaintiff's affidavit that do not belong there and which I am disregarding. For example, "My duties for Defendants required neither discretion nor independent judgment," is a

2

| ELEMENT OF DAMAGES | AMOUNT |
|---|---|
| Backpay | $55,955.75 |
| Spread of hours pay | 5,569.50 |
| Liquidated damages[2] | 61,525.25 |
| Interest on spread of hours at 9% through 5/18/15 | 678.30 |
| TOTAL | $123,728.80 |

I agree with plaintiff that the manner in which he was paid, plus defendants' decision to default in this action, constitutes adequate proof of willfulness to warrant the three-year statute of limitations under the FLSA. However, since I am not permitting double liquidated damages, see *supra* n.2, willfulness is immaterial because the NYLL already permits more than three years recovery of liquidated damages. In addition, I am disallowing plaintiff's request for statutory damages under NYLL §§ 195(1) and 195(3), since, as the Second Circuit has noted, those provisions do not give rise to a private right of action. See Chimarev v. TD Waterhouse Investor Servs., Inc., 99 F. App'x 259, 2004 WL 1013320 (2d Cir. 2004).

In addition, plaintiff seeks recovery of attorneys' fees in the amount of $6,510. This is the product of 15.10 hours of time, with 11.30 hours of partner time at $450 per hour, and 3.80 hours of associate time at $375 per hour. The amount of time spent is reasonable for the tasks

---

conclusion to which plaintiff would not be permitted to testify on the witness stand. It is also unnecessary since, by defaulting, defendants have waived all affirmative defenses to liability, including any potential defense that plaintiff falls under any exemption from the wage laws. Similarly, plaintiff avers that, "My work responsibilities involved handling goods that traveled in interstate commerce every day, such as food and detergents produced outside of the State of New York," and "I observed the defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." These statements were obviously inserted by plaintiff's attorney and it is inappropriate for an attorney to have his client, especially one who does not even speak English, sign sworn statements that the client does not understand or alleges facts about which the client has no personal knowledge, such as statements pertaining to excise taxes. It is also not necessary because, again, by defaulting in answering the complaint, defendants were deemed to have admitted coverage under the applicable labor laws.

[2] Plaintiff's memorandum of law seeks double liquidated damages by applying both state and federal law. I decline to do so, as I have previously rejected that theory, see Jimenez v. Computer Express Int'l Ltd., No. 13 Civ. 5657, 2015 WL 1034478 (E.D.N.Y. Mar. 10, 2015), and maintain the view that double liquidated damages are inappropriate. Instead, I will award liquidated damages under the statute that provides for the greater recovery, which here, and almost always, will be the NYLL because of its longer limitations period.

undertaken, but the rates are higher than the allowable rates in this district.  See Fawzy v. Gendy, No. 12 Civ. 5580, 2013 WL 5537128 (E.D.N.Y. Oct. 6, 2013).  For a straightforward case like this with judgment obtained on default, the maximum partner rate allowable is $350 per hour, and the maximum rate for an associate with three years' experience is $225 per hour.  As so adjusted, the reasonable attorneys' fee is $4,810.  The out of pocket costs of $550 are reasonable.

Finally, plaintiff requests that the judgment provide that if any amounts remain unpaid upon the expiration of ninety days following its issuance, or ninety days after expiration of the time to appeal, whichever is longer, the judgment will automatically increase by fifteen percent.  That is provided in NYLL § 198(4), but I decline to include such a provision in the judgment at this time.  Subsection (4) appears to contemplate this automatic increase only in the event that plaintiff unsuccessfully undertakes collection efforts, or at the very least, serves the defendant with notice that judgment has been entered.  I reach this conclusion because the first sentence in the subsection authorizes attorneys' fees for collection efforts, and it is difficult to understand why simply docketing the judgment with no effort to collect it by plaintiff could lead to an automatic increase.  In addition, I note that the procedure for activating this statute will differ under federal or state law – under state law, the time to appeal only begins to run when a plaintiff serves a notice of entry of the judgment on the defendant, whereas in federal practice, the time to appeal runs from the date the judgment appears on the docket, regardless of whether the plaintiff notifies the defendant that judgment has been entered.

Accordingly, although I will not include this provision in the judgment, if plaintiff serves notice of the judgment on defendants, he may apply for an amended judgment to reflect this increase ninety days thereafter.  The Court will defer consideration of whether he must also show, at that time, that he has also undertaken collection efforts that have proven unsuccessful.

4

## CONCLUSION

Plaintiff's motion for a default judgment is granted to the extent set forth above. The Clerk is directed to enter judgment in favor of plaintiff and against defendants, jointly and severally, in the amount of $129,088.80.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       June 11, 2015